## IN THE SUPREME COURT OF THE STATE OF NEVADA

RLP-SINGING DOVE, LLC, A NEVADA SERIES LIMITED LIABILITY COMPANY OF THE CONTAINER RED LIZARD PRODUCTIONS, LLC UNDER NRS 86.296,
Appellant,
vs.
COUNTRYWIDE KB HOME LOANS, LLC, A DELAWARE LIMITED LIABILITY COMPANY; CITIBANK, N.A., A NATIONAL ASSOCIATION; WILMINGTON TRUST, N.A., A NATIONAL ASSOCIATION; AND HORIZON ESTATES HOMEOWNERS ASSOCIATION, A NEVADA DOMESTIC NON-PROFIT CORPORATION,
Respondents.

No. 79726

**FILED**

DEC 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court final judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.[1]

Having considered the parties' arguments and the record, we agree with the district court's conclusion that respondent Horizon Estates Homeowners Association's 2012 Notice of Delinquent Assessment was not

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-45527

sufficient to give rise to a second superpriority lien. *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing de novo a district court's legal conclusions following a bench trial). Although appellant contends that there is no statute requiring Horizons to rescind its 2010 Notice of Delinquent Assessment in order for the 2012 Notice of Delinquent Assessment to give rise to a second superpriority lien, we held by necessary implication in *Property Plus Investments, LLC v. Mortgage Electronic Registration Systems, Inc.*, that a rescission is required in order to apprise a deed of trust beneficiary that a second superpriority lien exists. 133 Nev. 462, 466-67, 401 P.3d 728, 731-32 (2017) ("[W]hen an HOA rescinds a superpriority lien on a property, the HOA may subsequently assert a separate superpriority lien on the same property based on monthly HOA dues, and any maintenance and nuisance abatement charges, *accruing after the rescission of the previous superpriority lien*." (emphasis added)).

This is the same situation that occurred here, in that Horizons' 2012 Notice of Default indicated that the unpaid balance included amounts that respondent Wilmington Trust's predecessor had already satisfied with respect to the 2010 Notice of Delinquent Assessment. Accordingly, we agree with the district court's conclusion that Horizons' 2012 Notice of Delinquent Assessment was not sufficient to give rise to a second superpriority lien. Because Wilmington Trust's predecessor satisfied the first and only superpriority default, Horizons' foreclosure sale did not extinguish the first deed of trust. *See Bank of Am. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 612, 427 P.3d 113, 121 (2018) ("[A]fter a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the

superpriority portion, because it cannot extinguish the first deed of trust on the property."). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Stefany Miley, District Judge
Kristine M. Kuzemka, Settlement Judge
Mortenson & Rafie, LLP
Akerman LLP/Las Vegas
Boyack Orme & Anthony
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A